# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

March 14, 2014

Lyle W. Cayce
Clerk

No. 12-20389
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JORGE JUAN PEREZ,

Defendant-Appellant

Appeals from the United States District Court
for the Southern District of Texas
USDC No. 4:10-CR-855

Before JOLLY, DeMOSS, and ELROD, Circuit Judges.

PER CURIAM:[*]

Jorge Juan Perez has appealed his guilty-plea conviction of transferring obscene material to a minor, coercion and enticement of a minor, and possession of child pornography. Previously, this court denied counsel's motion to withdraw and ordered the filing of a brief on the merits addressing whether the Government breached its plea agreement with Perez by opposing Perez's request for an acceptance-of-responsibility adjustment. *United States v. Perez*,

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 12-20389 (5th Cir. June 21, 2013) (unpublished; single judge order).  In addition to the non-frivolous issue identified by this court, Perez has briefed the questions whether the district court erred in imposing the obstruction-of-justice enhancement and in refusing to reduce his offense level for acceptance of responsibility.

After *United States v. Booker*, 543 U.S. 220 (2005), we review sentences for procedural error and substantive reasonableness under an abuse of discretion standard. *United States v. Johnson*, 619 F.3d 469, 471-72 (5th Cir. 2010).  Because Perez did not object that the Government had breached the plea agreement, we review that question for plain error. *See United States v. Reeves*, 255 F.3d 208, 210 (5th Cir. 2001).  To show plain error, Perez must show a forfeited error that is clear or obvious and that affects his substantial rights. *See Puckett v. United States*, 556 U.S. 129, 135 (2009).

The Government concedes that it violated the terms of the plea agreement by opposing Perez's request for an acceptance-of-responsibility adjustment.  Because of the Government's concession that the plea agreement was breached, we have considered the sentencing issues raised by Perez, notwithstanding the appeal waiver in Perez's plea agreement. *See United States v. Keresztury*, 293 F.3d 750, 756-57 (5th Cir. 2002).

The obstruction-of-justice enhancement was imposed because Perez plotted the murder of the case agent.  The district court did not clearly err finding that Perez obstructed justice. *See United States v. Juarez-Duarte*, 513 F.3d 204, 208 (5th Cir. 2008); *see also* U.S.S.G. § 3C1.1 & comment (n.4(A)).

Nor did the district court err in refusing to reduce Perez's offense level for acceptance of responsibility. A sentencing court may reduce a defendant's offense level "[i]f the defendant clearly demonstrates acceptance of responsibility for his offense." U.S.S.G. § 3E1.1(a). "If a defendant enters a

guilty plea prior to trial, truthfully admits the conduct comprising the offense, and admits, or at least does not falsely deny, any additional relevant conduct for which he is accountable, the court may find significant evidence of the defendant's acceptance of responsibility." *United States v. Medina-Anicacio*, 325 F.3d 638, 648 (5th Cir. 2003); *see* § 3E1.1(a), comment. (n.3). However, pleading guilty does not entitle the defendant to a reduction as a matter of right, and evidence of the defendant's acceptance of responsibility may be outweighed by conduct inconsistent with such a claim of responsibility. § 3E1.1(a), comment. (n.3). Further, "[c]onduct resulting in an enhancement [for obstruction of justice] under § 3C1.1 . . . ordinarily indicates that the defendant has not accepted responsibility for his criminal conduct." § 3E1.1, comment. (n.4). The defendant has the burden of proving entitlement to the reduction. *United States v. Thomas*, 120 F.3d 564, 574-75 (5th Cir. 1997). We have no trouble determining that Perez has not met his burden here. Put simply, attempting to kill one's case agent is not the act of a defendant who was accepted responsibility for his criminal acts.

AFFIRMED.